UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HANNAH MICHELLE BLACKWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 3:19-CV-502 |
| | )        3:15-CR-085 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Hannah Michelle Blackwell's ("Petitioner's") *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 84].[1] The United States has responded in opposition [Doc. 3]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 4]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 84] will be **DENIED**.

### I.  BACKGROUND

In September 2015, Petitioner and one co-defendant were charged in an eleven-count superseding indictment pertaining to a Hobbs Act Robbery of a Pilot Convenience

---

[1] Document numbers not otherwise specified refer to the civil docket.

Store and related firearm charges. [Crim. Doc. 16]. Petitioner was named in two counts. [*See id*].

On July 29, 2016, Petitioner entered into a plea agreement with the government. [Crim. Doc. 37]. Petitioner agreed to plead guilty to counts 9 and 10 of the superseding indictment: aiding and abetting in a Hobbs Act Robbery in violation of 18 U.S.C. §§ 1951 and 2, and aiding and abetting carrying, brandishing, and discharging a weapon during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and (2). [*See id.*] The plea agreement was signed by Petitioner and attorney Jonathan S. Wood.

In her plea agreement, Petitioner acknowledged that on May 19, 2015, the Pilot convenience store was robbed by an unknown white male who acted as if he were on drugs. [*Id.* at 2]. A victim stated that the robber entered the business, pointed a handgun at her, and demanded money, after which he fired one round from the handgun in the direction of the victim. [*Id.*]. The robber exited the store and fled in a silver convertible driven by Petitioner. [*Id.*]. On May 20, 2015, Petitioner and co-defendant were located at a Scottish Inn, and co-defendant was arrested for aggravated robbery. [*Id.*]. Petitioner signed a valid rights waiver and identified co-defendant as the robber of the Pilot convenience store and another gas station. [*Id.*]. Petitioner further admitted that she knew about the Pilot robbery from the beginning and willingly assisted co-defendant. [*Id.*]. She also admitted that co-defendant admitted to telling her he fired the gun and that she knew he had the gun during the robbery. [*Id.*].

The Court conducted a change of plea hearing on August 11, 2016. Although there is no transcript of that hearing in the record, the minutes reflect that the Court advised

2

Petitioner of her constitutional rights and penalties of the offense charged; accepted the plea agreement, finding her competent to enter a guilty plea; and arraigned and specifically advised of her rights. [Crim. Doc. 39]. Petitioner was referred for a presentence investigation report ("PSR") and a sentencing date was set. [*Id.*]

The PSR calculated a total offense level of 17 and criminal history category of I, resulting in a guideline range of 24 to 30 months. [Crim. Doc. 45, ¶ 64]. However, the statutorily required minimum sentence for Count 10 was ten years and had to be imposed consecutive to any other counts; therefore, the effective guideline range was 144 to 150 months pursuant to U.S.S.G. § 2K2.4(b). [*Id.*]. The PSR noted that the Plea Agreement did not appear to have an impact on the sentencing guidelines, and Petitioner was being held accountable for all provable conduct known to the government before pleading.

The government did not file any objections to the PSR. The government filed a sealed motion for downward departure requesting the Court grant a 35% departure from the advisory guideline range pursuant to U.S.S.G. § 5K1.1, recommending a sentence to a total term of 94 months. [Crim. Doc. 61, p. 3].

Petitioner, through counsel, filed a notice of no objections to the PSR. [Crim. Doc. 46]. Petitioner, through counsel, filed a sentencing memorandum, requesting a departure from the advisory guideline range based on the governments motion for downward departure and the new sentencing procedures set forth in *United States v. Booker*, 543 U.S. 220, 245 (2005). [Crim. Doc. 62]. Petitioner, acting *pro se*, also filed a motion to withdraw

her guilty plea and obtain new counsel. [Crim Doc. 53]. This motion was referred to the magistrate for a hearing [Crim. Doc. 63] held on August 4, 2017, wherein Petitioner moved to withdraw her motion. [Crim. Doc. 67]. The Court allowed Petitioner to withdraw the motion and denied it as moot. [Crim. Doc. 68].

On August 2, 2017, the Court sentenced Petitioner to a total of 72 months' imprisonment – 24 months as to Count 9, and 48 months as to Count 10. [Crim. Doc. 65]. Petitioner did not file a direct appeal, but on December 5, 2019, she filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct her judgment of conviction and sentence if she claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his

4

ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, she must set forth facts which entitle her to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that she is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d

at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner raises only one claim in this § 2255 motion: that Petitioner qualifies for a sentence reduction under *United States v. Davis*, 139 S. Ct. 2319 (2019). [Doc. 1].

#### A. *Collateral Attack Waiver*

As a preliminary matter, the government asserts that Petitioner explicitly waived her right to file a § 2255 motion except for claims of ineffective assistance of counsel or prosecutorial misconduct [Doc. 3, p. 2]. Accordingly, the government asserts that her § 2255 motion should be summarily denied. [*Id.*].

When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack her sentence, she is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that her guilty plea was not coerced and that she reviewed and understood the agreement terms. *Id*. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and

6

voluntary. *Watson v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed a Plea Agreement containing the following waiver provision: "[t]he defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a §2255 motion as to (i) prosecutorial misconduct not known to the defendant by the time of the entry of judgment and (ii) ineffective assistance of counsel." [Crim. Doc. 37, p. 7].

Petitioner does not challenge the validity of the actual waiver, suggest that she did not understand the waiver, or claim that she did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because she expressly waived the right to collaterally attack her conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, her claim is barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451. Accordingly, Petitioner's claim will be **DENIED** as barred by her collateral attack waiver. However, as discussed below, this claim alternatively fails on the merits.

### B. *Merits*

Petitioner primarily argues that she is entitled to relief under *Davis* because the Supreme Court found 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. [Doc. 1]. The United States argues that Petitioner's conviction under 18 U.S.C. § 924(c) is still valid so long as it satisfies the requirements 18 U.S.C. § 924(c)(3)(A). [Doc. 3, p. 4]. The United States further argues that a Hobbs Act robbery satisfies the requirements as its definition

7

includes the element, "by means of actual or threatened force, or violence, or fear of injury, immediate or future." [*Id.*].

Petitioner was convicted of aiding and abetting a Hobbs Act robbery, and thus she committed a crime of violence under § 924(c)(3)(A), as the Sixth Circuit has explicitly held. *United States v. Richardson*, 948 F.3d 733, 742 (6th Cir. 2020). In *Davis*, the Court held that the residual clause of § 924(c) was unconstitutionally vague. *Id.* at 2336. The Court did not hold that the use of force clause, § 924(c)(3)(A), was unconstitutionally vague. As stated by the Sixth Circuit, "*Davis* offers [the defendant] no benefit if [her] offenses fall under § 924 (c)(3)(A) which survived *Davis*." *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020) (per curiam); *see also Knight v. United States*, 936 F.3d 495 (6th Cir. 2019); (noting that while § 924(c)(3)(B) is void for vagueness, § 924(c)(3)(A) is a valid basis for finding a crime of violence under § 924(c)); *United States v. Holmes*, 797 F. App'x. 912, 918 (6th Cir. 2019) (same).

In short, Hobbs Act robbery is a crime that falls under the use of force clause of § 924(c). That clause is not invalidated by any Supreme Court precedent and has routinely been used by the Sixth Circuit to uphold convictions. Therefore, Petitioner's claim fails to provide a basis for which § 2255 relief may be granted.

IV.     **CONCLUSION**

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 84] will be **DENIED** and **DISMISSED**.

V.      **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge